**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **STEVEN WAYNE QUICK,  ID#1243617,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:15-CV-2559-N (BH)** |
| | ) | |
| **WILLIAM STEPHENS, Director,** | ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.  Based on the relevant filings and applicable law, the habeas corpus petition should be transferred to the United States Court of Appeals for the Fifth Circuit as successive.

**I.  BACKGROUND**

Steven Wayne Quick (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. The respondent is William Stephens, Director of TDCJ-CID.

On July 7, 2004, Petitioner was convicted of unlawful restraint in Cause No. 22,051 in the 196th Judicial district Court in Hunt County, Texas, and sentenced to twenty years' imprisonment. (doc. 3, at 2; www.tdcj.state.tx.us, search for petitioner's inmate records).  He appealed, and the Sixth District Court of Appeals affirmed his conviction and sentence in an unpublished opinion on March 17, 2005.  *Quick v. State*, No. 06-04-00107-CR (Tex. App. –Texarkana, March 17, 2005, no pet.).  He did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals.

Petitioner's federal petition in this case does not reflect that he filed a state writ application. (doc. 3 at 3).  The records of the Texas Court of Criminal Appeals show that he did file a state writ application challenging his conviction on June 12, 2012, and it was denied on the merits without a written order on August 8, 2012.  *See Ex parte Quick*, No. WR-19,831-02 (Tex. Crim. App. Aug. 8, 2012).

Petitioner has also previously filed several federal petitions for habeas corpus relief challenging his 2004 conviction for unlawful restraint.  His February 2, 2006 petition was dismissed without prejudice for failure to exhaust state court remedies. *See Quick v. Dretke*, No. 3:06-CV-280-B (N.D. Tex. March 21, 2006).  His March 4, 2011 petition was dismissed without prejudice for want of prosecution on February 27, 2012.  *See Quick v. Alford*, No.3:11-CV-2520-N (N.D. Tex. March 22, 2012).  His August 23, 2011 petition was dismissed without prejudice on his own motion. *See Quick v. Thaler*, No.3:11-CV-2095-L (N.D. Tex. Sep. 30, 2011).  His August 24, 2012 petition was denied with prejudice as barred by the statute of limitations. *See Quick v. Alford*, No. 3:12-CV-3378-M (N.D. Tex. Sep. 25, 2012). A fifth § 2254 petition, filed on July 23, 2014, was transferred to the Fifth Circuit as successive.  *See Quick v. Stephens,* No.3:14-CV-3008-B (N.D. Tex. January 6, 2015).  Petitioner again challenges his 2004 conviction. (doc. 3 at 2.)

## II.  JURISDICTION

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008); *Crone*, 324 F.3d at 836-37. If it essentially represents a second attack on the same conviction raised in the earlier petition, a petition is successive. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment").[1] A second petition is not successive, however, if the prior petition was dismissed due to prematurity or for lack of exhaustion. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). Otherwise, "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Stewart*, 523 U.S. at 645.

Here, Petitioner challenges the same 2004 conviction as in his 2012 federal petition that was denied as time-barred. Under *Hardemon* and *Crone*, Petitioner was required to present all available

---

[1] Although *Crone* involved a challenge to petitioner's holding judgment of conviction followed by a challenge to post-conviction and post-sentence administrative actions that stripped him of good-time credits, *Hardemon* considered both challenges to be against "the same conviction".

claims in his prior 2012 federal petition. A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004) (recommendation of Mag. J.), *adopted by* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004). The crucial question in determining availability is whether petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petition challenging the same conviction challenged in this case.

Petitioner's federal petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises a claim that he could have raised in the untimely 2012 federal petition. (doc. 3, at 6.) He contends only that he "can and will show that no rational factfinder would find guilt on behalf of the Petitioner." (doc. 3, at 6.) A dismissal based upon limitations is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under the AEDPA. *See In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009) (citations omitted); *see also Lavergne v. Louisiana State Penitentiary*, No. 6:14-2502, 2014 WL 4678817, at *2, n.4 (W.D. La. Sep. 18, 2014) (citations omitted).

When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(c). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive

to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B).

Because the Fifth Circuit has not issued an order authorizing the district court to consider this latest successive application for habeas relief, this Court lacks jurisdiction over this action.

### III.  RECOMMENDATION

The petition for writ of habeas corpus filed under 28 U.S.C. § 2254 should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SIGNED this 5th day of August, 2015.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE